IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-260-D

CHARITY MAINVILLE,           )
                             )
            Plaintiff,       )
                             )
      v.                     )         ORDER
                             )
EUGENE H. SOAR, et al.,      )
                             )
            Defendants.      )

On May 15, 2025, Charity Mainville ("Mainville" or "plaintiff"), proceeding pro se, filed a complaint against Eugene H. Soar ("Soar"), David M. Yopp ("Yopp"), Margaret P. Eagles ("Eagles"), Christine M. Walczyk ("Walczyk"), Varlan Davidian III ("Davidian"), and three unknown individuals ("John Does 1–3") (collectively, "defendants") under 42 U.S.C. § 1983 for alleged violations of her rights under the First and Fourteenth Amendments to the United States Constitution and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 ("Title II") Compl. [D.E. 1]. Mainville's complaint identifies Soar as the "Clerk of the North Carolina Court of Appeals," Yopp as an "[a]ttorney at Hatch, Little & Bunn, LLP," Eagles as the "Chief District Court Judge, Wake County," Davidian as a "District Court Judge, Wake County," Walczyk as the "Lead Civil Court Judge, Wake County District Court," and John Does 1–3 as "[u]nknown appellate judges of the North Carolina Court of Appeals who acted beyond the scope of judicial authority by authorizing procedurally improper rulings." Id. at 2–3; [D.E. 1-1] 1–4.

Also on May 15, 2025, Mainville filed an ex parte expedited motion for a temporary restraining order ("TRO") against defendants. See [D.E. 4]. In her motion for a TRO, Mainville asks this court to "[s]tay all proceedings in North Carolina state court related to Wake County Case

No. 24CV022933 and appellate case P25-113" and to order the "Deputy Clerk, or a Chief Staff Attorney of the North Carolina Court of Appeals . . . to disclose the names of the judicial officers who ruled on all orders entered under appellate case number P25-113, including how they ruled, which orders they participated in , and any other members of the panel or court personnel involved in the review or issuance of those orders." Id. at 2–3. On May 16, 2025, Mainville moved for authorization to file electronically as a pro se litigant. See [D.E. 5].

The court has considered Mainville's ex parte motion for a TRO under the governing standard. See, e.g., Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Centro Tepeyac v. Montgomery Cnty., 722 F.3d 184, 188 (4th Cir. 2013) (en banc); Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam). A court reviewing a motion for a TRO applies the same standard applicable to a motion for a preliminary injunction. See U.S. Dep't of Lab. v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). Mainville must establish that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm absent preliminary relief, (3) the balance of equities tip in her favor, and (4) an injunction is in the public interest. See Winter, 555 U.S. at 20. A TRO "is an extraordinary remedy never awarded as of right." Id. at 24; see Di Biase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017); Shibumi Shade, Inc. v. Beach Shade LLC, No. 5:21-CV-256, 2022 WL 390839, at *3 (E.D.N.C. Feb, 8, 2022) (unpublished) appeal dismissed, No. 2023-1051, 2022 WL 17661183 (Fed. Cir. Dec. 14, 2022) (unpublished); Mitchell v. N.C. Div. of Emp. Sec., 76 F. Supp. 3d 620, 628 (E.D.N.C. 2014), aff'd, 599 F. App'x 517 (4th Cir. 2015) (per curiam) (unpublished).

Mainville fails to make any of the requisite showings for this court to issue a TRO. The court has thoroughly reviewed Mainville's complaint and her ex parte motion for a TRO.

Mainville's dissatisfaction with rulings from the Wake County court system and the North Carolina Court of Appeals do not warrant the requested TRO. Likewise, Mainville may not seek a TRO from this court against Yopp simply because Yopp appeared as opposing counsel in Mainville's state court action. Mainville fails to show that she is likely to succeed on the merits, that she is likely to suffer irreparable harm absent preliminary relief, that the balance of equities tip in her favor, or that an injunction is in the public interest. Thus, the court denies Mainville's ex parte expedited motion for a TRO.

In sum, the court DENIES plaintiff's ex parte expedited motion for a TRO [D.E. 4] and DENIES plaintiff's motion for authorization to file electronically as a pro se litigant [D.E. 5].

SO ORDERED. This 21 day of May, 2025.

JAMES C. DEVER III
United States District Judge